IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

```
RICHARD METCALFE and            )
CYNTHIA METCALFE,               )
                                )
            Plaintiffs,         )
                                )   Civil No. 2007-131
       v.                       )
                                )
RENAISSANCE MARINE, INC.,       )
                                )
            Defendant.          )
_____)
```

ATTORNEYS:

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
        *For the Plaintiffs.*

**Alan R. Feuerstein, Esq.**
St. Thomas, U.S.V.I.
        *For the Defendant.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Renaissance Marine, Inc. ("Renaissance"), to dismiss the complaint in this matter.

The plaintiffs, Richard Metcalfe and Cynthia Metcalfe (together, the "Metcalfes"), are residents of the U.S. Virgin Islands. Renaissance is a corporation organized under Florida law with its principal place of business in Florida.

In their complaint, the Metcalfes allege that they purchased a Renaissance Prowler 246, fitted with two 175 horsepower Suzuki gas engines and other equipment (the "Vessel"), from Renaissance

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion and Order
Page 2

in April, 2006. The Metcalfes further allege that in December, 2006, they discovered that the Vessel had partially sunk while moored. The Metcalfes contend that the Vessel sank due to design, manufacturing, and installation defects. Consequently, the Metcalfes commenced this five-count action in October, 2007, alleging breach of express warranty, breach of implied warranties, breach of covenant of good faith and fair dealing, misrepresentation, and liability under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. The Metcalfes allege that this Court has jurisdiction pursuant to 48 U.S.C. § 1612(a) and 15 U.S.C. § 2301(d)(1)(B).

Renaissance now moves to dismiss this matter pursuant to Rule 12(b)(2),[1] arguing that it is not subject to personal jurisdiction in this Court.[2] In support of its motion,

---

[1] Renaissance filed its motion to dismiss on November 29, 2007. On December 13, 2007, the parties filed a stipulation for an extension of time within which the Metcalfes could file an opposition or other response to Renaissance's motion. The stipulation required that the Metcalfes file their responsive pleading no later than December 21, 2007. The Metcalfes have not filed a responsive pleading. Local Rule of Civil Procedure 7.1(j) provides, in pertinent part:

> Upon failure of respondent to file a response and brief in opposition to the motion, the court may treat the motion as conceded and render whatever relief is asked for in the motion.

LRCi 7.1(j).

[2] Renaissance also argues that the dispute in this matter falls within the scope of a forum selection clause, and thus that

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion and Order
Page 3

Renaissance has submitted an affidavit of its authorized legal representative. The affidavit states that Renaissance does not do business in the Virgin Islands. The affidavit further states that Renaissance conducts its sales exclusively in Florida. Finally, the affidavit states that Renaissance has no minimum contacts with the Virgin Islands.

"In deciding a motion to dismiss for lack of personal jurisdiction, [the Court] take[s] the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (internal citations omitted). The plaintiff must establish personal jurisdiction by a preponderance of the evidence. *In re Kelvin Manbodh Asbestos Litigation Series*, Civ. No. 324-1997, 2005 V.I. LEXIS 21, at *14-15 (Terr. Ct. 2005) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

Under Virgin Islands law, to establish personal jurisdiction, the Metcalfes must demonstrate that the Court has jurisdiction over Renaissance both under the Virgin Islands

---

this matter may alternatively be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. 1391(c).

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion and Order
Page 4

long-arm statute and under the requirements of the Constitution. *Yusuf v. Adams*, Civ. No. 2003-76, 2004 U.S. Dist. LEXIS 27178, at *4-5 (D.V.I. Nov. 9, 2004); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).

The Virgin Islands Long-Arm Statute provides that

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person[]
> (1) transacting any business in this territory;
> (2) contracting to supply services or things in this territory;
> (3) causing tortious injury by an act or omission in this territory;
> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
> (5) having an interest in, using, or possessing real property in this territory; or
> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
> (8) abandoning a minor in this Territory.

V.I. CODE ANN. tit. 5., § 4903.

The Metcalfes do not explain how the long-arm statute reaches Renaissance. In their complaint, the Metcalfes do not make any allegations concerning Renaissance's ties to the Virgin Islands. The only mention of the Virgin Islands in the complaint relates to the Metcalfes' residency here. Based on this

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion and Order
Page 5

allegation, it is unclear what portion of the long-arm statute would apply to Renaissance.  The Metcalfes offer no evidence that Renaissance transacted business in the U.S. Virgin Islands; contracted to supply services or things here; caused a tortious injury here; regularly do or solicit business here; or have an interest in real property here.  Thus, there is simply insufficient evidence before the Court to find jurisdiction over Renaissance under the Virgin Islands long-arm statute.

The Metcalfes have failed to meet their burden of proof that this Court has personal jurisdiction over Renaissance under the Virgin Islands long-arm statute.  Therefore, the Court need not address whether jurisdiction over Renaissance conforms with the due process requirements of the Constitution.[3] *See*, *e.g.*, *Four Winds Plaza Corp. v. Caribbean Fire & Assocs.*, Civ. No. 2005-201,

---

[3] Ordinarily, once a plaintiff has established jurisdiction over the defendant under the Virgin Islands long-arm statute, she must also establish that jurisdiction conforms with the due process requirements of the Constitution.  Due process requires that a non-resident defendant have minimum contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316).  In determining the sufficiency of the defendant's minimum contacts with the forum, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Court of Cal.*, 480 U.S. 102, 112 (1987) (plurality opinion of O'Connor, J.)).

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion and Order
Page 6

2007 U.S. Dist. LEXIS 44920, at *19-20 (D.V.I. April 18, 2007); *cf. Paradise Motors, Inc. v. Toyota de P.R., Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004). Accordingly, Renaissance's motion to dismiss will be granted for lack of personal jurisdiction.

For the reasons stated above, it is hereby

**ORDERED** that the motion is **GRANTED**; it is further

**ORDERED** that this matter is **DISMISSED** for lack of personal jurisdiction; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**Dated: January 2, 2008**

S\_____
     **CURTIS V. GÓMEZ**
        **Chief Judge**


copy:    Gregory H. Hodges, Esq.
         Alan R. Feuerstein, Esq.