**FOR PUBLICATION**

```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN

RICHARD METCALFE and              )
CYNTHIA METCALFE,                 )
                                  )
          Plaintiffs,             )
                                  )       Civil No. 2007-131
     v.                           )
                                  )
RENAISSANCE MARINE, INC.,         )
                                  )
          Defendant.              )
_____)
```

**ATTORNEYS:**

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the Plaintiffs.*

**Alan R. Feuerstein, Esq.**
St. Thomas, U.S.V.I.
    *For the Defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Renaissance Marine, Inc. ("Renaissance"), to dismiss the complaint in this matter. For the reasons given below, the Court will grant the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Despite this matter's relatively short life span, the curious posture of the case highlights the reason why we have rules of civil procedure and why parties must pay scrupulous attention to those rules.

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 2

     The plaintiffs, Richard Metcalfe and Cynthia Metcalfe (together, the "Metcalfes"), are residents of the U.S. Virgin Islands. Renaissance is a corporation organized under Florida law with its principal place of business in Florida.

     In their complaint, the Metcalfes allege that they purchased a Renaissance Prowler 246, fitted with two 175 horsepower Suzuki gas engines and other equipment (the "Vessel"), from Renaissance in April, 2006. The Metcalfes further allege that in December, 2006, they discovered that the Vessel had partially sunk while moored. The Metcalfes contend that the Vessel sank due to design, manufacturing, and installation defects. Consequently, the Metcalfes commenced this five-count action in October, 2007, alleging breach of express warranty, breach of implied warranties, breach of covenant of good faith and fair dealing, misrepresentation, and liability under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. The Metcalfes allege that this Court has jurisdiction pursuant to 48 U.S.C. § 1612(a) and 15 U.S.C. § 2301(d)(1)(B).

     On November 29, 2007, Renaissance moved to dismiss this matter on several grounds. What followed the filing of that motion is an example of procedure run amok.

     On December 13, 2007, the parties filed a stipulation for an extension of time for the Metcalfes to file an opposition by December 21, 2007. That date passed without the Metcalfes'

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 3

filing such an opposition.  Consequently, on January 2, 2008, this Court issued a Memorandum Opinion and Order, finding that the Metcalfes had failed to meet their burden of establishing this Court's jurisdiction over Renaissance.  Accordingly, the Court dismissed this matter and ordered the case closed.[1]

The Metcalfes thereafter filed a motion for reconsideration, asserting that this Court's January 2, 2008, ruling closing this matter should be vacated to correct clear error and to prevent manifest justice.  Specifically, the Metcalfes claimed that the parties had orally stipulated to an additional extension of time after the December 13, 2007, stipulation, but had failed to file a notice with the Court.

On the same day they filed their motion for reconsideration, the Metcalfes filed an opposition to Renaissance's motion to dismiss.  The parties subsequently filed a notice with the Court, stipulating to an extension of time for Renaissance to respond to the motion for reconsideration and, notwithstanding this Court's order closing this matter, a reply to the Metcalfes' opposition to the motion to dismiss.  Renaissance filed its opposition and reply within the time permitted by the parties' stipulation.  The next day, Renaissance filed a motion to supplement its original motion to dismiss.

---

[1] (*See* Mem. Op. and Order, Jan. 2, 2008.)

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 4

In light of confusion wrought by the parties' overlapping and conflicting pleadings, the Court held a status conference on February 6, 2008. At that status conference, the parties explained that they had orally agreed to a second stipulation of time for the Metcalfes to respond to the motion to dismiss, and that the Metcalfes had inadvertently failed to file a notice with the Court.

It appears that the parties were operating within the parameters of what they believed to be the rules of procedure in this Court. While the Court reiterates to the Bar and all litigants the importance of knowing and following the local rules of civil procedure, the Court finds that the circumstances of this matter warrant consideration of the Metcalfes' opposition to Renaissance's motion to dismiss despite that opposition's apparent untimeliness. The parties do not dispute that they reached an oral agreement for a stipulation of time for the Metcalfes to oppose Renaissance's motion. Thus, if the Court had not ruled on the motion to dismiss in such a prompt fashion, the Metcalfes would have had an opportunity to be heard on their opposition. To ignore that opposition now because of their counsel's oversight would result in great prejudice to the Metcalfes. Moreover, the Court's consideration of that opposition will result in no prejudice to Renaissance, which has availed itself of the opportunity to address the opposition in a

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 5

reply. On balance, the equities weigh in favor of reopening this case to determine whether dismissal of the complaint is appropriate.[2]

## II. ANALYSIS

Renaissance asserts that dismissal of this matter is warranted because it is not subject to personal jurisdiction in this Court. In support of that assertion, Renaissance has submitted the affidavit of its authorized legal representative. That affidavit states that Renaissance transacts no business in the Virgin Islands, conducts its sales exclusively in Florida, and has no minimum contacts with the Virgin Islands.

"In deciding a motion to dismiss for lack of personal jurisdiction, [the Court] take[s] the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving

---

[2] At the February 6, 2008, status conference, the Court explained, and the parties agreed, that in light of the procedural jumble in which this matter found itself, the Court would rule directly on Renaissance's motion to dismiss and consider any opposition to that motion filed by the Metcalfes. Inexplicably, after that status conference, the Metcalfes filed a reply to Renaissance's opposition to the Metcalfes' motion for reconsideration. Remarkably, the Metcalfes subsequently filed a document styled as a "Notice of Filing of Supplemental Declaration of Richard Metcalfe with Previously Omitted Exhibits." Not to be outdone, Renaissance further contributed to this seemingly endless morass and filed a motion to amend its opposition to the Metcalfes' motion for reconsideration. In ruling on the motion to dismiss, the Court has considered none of these post-status conference filings.

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 6

by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (internal citations omitted). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). The plaintiff must establish personal jurisdiction by a preponderance of the evidence. *In re Kelvin Manbodh Asbestos Litigation Series*, Civ. No. 324-1997, 2005 V.I. LEXIS 21, at *14-15 (V.I. Terr. Ct. Nov. 30, 2005) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

"Personal jurisdiction in a federal question case must satisfy due process requirements and may extend only to persons who can be reached by the forum state's long-arm statute." *See Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Under Virgin Islands law, to establish personal jurisdiction, the Metcalfes must demonstrate that this Court has jurisdiction over Renaissance both under the Virgin Islands long-arm statute and under the requirements of the Constitution. *Yusuf v. Adams*, Civ. No. 2003-76, 2004 U.S. Dist. LEXIS 27178, at *4-5 (D.V.I. Nov. 9, 2004); *see also Fin. Trust Co. v. Citibank,*

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 7

*N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).

The Virgin Islands Long-Arm Statute provides that

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person[]
> (1) transacting any business in this territory;
> (2) contracting to supply services or things in this territory;
> (3) causing tortious injury by an act or omission in this territory;
> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
> (5) having an interest in, using, or possessing real property in this territory; or
> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
> (8) abandoning a minor in this Territory.

V.I. CODE ANN. tit. 5., § 4903.

The Metcalfes seek to meet their burden by arguing that subsections (a)(1) and (a)(2) of the long-arm statute apply to Renaissance.

"For purposes of subsection (a)(1) of the Virgin Islands long-arm statute, the term 'transacting business,' 'can be only a single act which in fact amounts to the transaction of business within a state (or territory).'" *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, Civ. No. 1996-180, 2000 U.S. Dist. LEXIS 17184, at *8

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 8

(D.V.I. Oct. 26, 2000) (quoting *Godfrey v. International Moving Consultants, Inc.*, Civ. No. 79-188, 1980 U.S. Dist. LEXIS 8956, at *8-9 (D.V.I. Dec. 12, 1980)); *see also Zebedee v. King*, Civ. No. 3-1986, 1986 U.S. Dist. LEXIS 28635, at *2-3 (D.V.I. Mar. 4, 1986) ("[A] single act can amount to the transaction of business within a state or territory."). "Thus, it is enough that there is a contract with a Virgin Islands resident and the object of that contract is to be performed, even if only in part, in the Virgin Islands." *Id.*

The Metcalfes make only one assertion to establish that subsection (a)(1) of the long-arm statute reaches Renaissance: "Renaissance transacted business in the Virgin Islands when it sold the Metcalfes the Vessel knowing that it would be transported and kept in the Virgin Islands." (Pls.' Opp'n to Def.'s Mot. to Dismiss Pls.' Compl. 6.) The Metcalfes do not, however, bolster that assertion with any evidence that the transaction regarding the Vessel occurred, either in whole or in part, within the Virgin Islands.[3] Indeed, the record reflects

---

[3] The Metcalfes rely in part on *Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561 (D.V.I. 2004). In that case, this Court found that subsection (a)(1) applied where the defendant "entered into a contract with a Virgin Islands resident [and] solicited the plaintiffs -- *while they were in the Virgin Islands* . . . ." *Id.* at 567 (emphasis supplied). In other words, this Court attached great weight to the fact that the defendant had initiated a transaction with a Virgin Islands resident in the Virgin Islands. In the case now before the Court, the Metcalfes contacted Renaissance in Florida. The Metcalfes' reliance on

that the Metcalfes first contacted Renaissance about the Vessel, not vice versa. Significantly, the Metcalfes do not claim that they signed the contract in the Virgin Islands,[4] that Renaissance

---

*Citibank* is therefore misplaced.

Similarly, in *Paradise Motors, Inc. v. Toyota de Puerto Rico, Corp.*, 314 F. Supp. 2d 495 (D.V.I. 2004), this Court found subsection (a)(1) applicable where, *inter alia*, the defendant car manufacturer shipped vehicles and product literature to the plaintiff in the Virgin Islands, sent sales representatives to the Virgin Islands to visit the plaintiff's business. *Id.* at 498. Here, in contrast, there is no competent evidence demonstrating that Renaissance shipped the Vessel or any other materials to the Virgin Islands.

Finally, in *In Re Tutu Wells Contamination Litig.*, 846 F. Supp. 1243, 1266 (D.V.I. 1993), this Court held that the defendant transacted business in the Virgin Islands where "it did more than provide technical assistance; it marketed and sold its special services to gain a greater share of the gasoline consuming public in the Virgin Islands[; and] engaged in a course of conduct of overseeing and implementing its policy programs with respect to both marketing and environmental control." *Id.* at 1266. The evidence adduced by the Metcalfes regarding Renaissances's conduct falls far short of the business transactions in the Virgin Islands of the defendant in *Tutu Wells*.

[4] To the extent the Metcalfes assert that subsection (a)(1) applies because they negotiated for the sale of the Vessel over the telephone while in St. John, that assertion is unpersuasive. Telephonic negotiations between a resident plaintiff and a nonresident defendant may qualify as "transacting business" where the nonresident defendant reaches out to the resident plaintiff. *See*, *e.g.*, *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928, 932 (1st Cir. 1985) (finding that mailing four letters and making one telephone call to Massachusetts satisfied the "transacting any business" requirement); *Fischbarg v. Doucet*, 38 A.D.3d 270, 273 (N.Y. App. Div. 2007) (finding jurisdiction over out-of-state defendants who solicited a New York lawyer plaintiff to provide them with legal advice and called, emailed, and faxed the plaintiff in New York pursuant to such representation, though defendants never entered the state).

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 10

delivered the Vessel to them in the Virgin Islands, or that Renaissance performed any part of the contract in the Virgin Islands. *See*, *e.g.*, *GAMXX Energy, Inc. v. Frost*, 668 F. Supp. 541 (M.D. La. 1987) (finding that the nonresident defendant did not transact business in Louisiana where the material performance required of the contract occurred outside of Louisiana); *Maurice Sternberg, Inc. v. James*, 588 F. Supp. 882, 885 (N.D. Ill. 1984) ("The fact that the Illinois plaintiff's part of the contract was to be performed in Illinois is not transacting business for jurisdictional purposes."); *District is Environmental Research International Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808 (D.C. 1976) (*en banc*) (declining "transacting business" jurisdiction where an out-of-state corporation having no other significant contacts with the District of Columbia was solicited

---

However, remote negotiations that are minimal or initiated by the resident plaintiff do not suffice as "transacting business," as contemplated by state long-arm statutes. *See*, *e.g.*, *FC Inv. Group LC v. IFX Mkts., Ltd.*, 479 F. Supp. 2d 30, 39 (D.D.C. 2007) (holding that the defendant's "regular" telephone calls to the District of Columbia did not satisfy the "transacting business" requirement of the D.C. long-arm statute); *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 956 F. Supp. 1131, 1135 (S.D.N.Y. 1997) (declining to exercise jurisdiction over a Hong Kong clothing-supply company, despite its extensive use of telephone, facsimile and mail communications in negotiating with the plaintiff); *Etra v. Matta*, 463 N.E.2d 3, 474 (1984) (finding telephone and mail contacts "too insubstantial" to amount to transacting business). In short, the Metcalfes' allegations regarding their telephonic negotiations with Renaissance are simply too sparse for this Court to make any determination about their substantiality.

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 11

by a District of Columbia corporation at its home office, and the contract was performed by the defendant outside of the jurisdiction). Accordingly, the Court does not find that subsection (a)(1) of the Virgin Islands long-arm statute reaches Renaissance.

The Metcalfes also assert that subsection (a)(2) of the long-arm statute reaches Renaissance. Subsection (a)(2) requires "that the contract be performed in the Virgin Islands and that the cause of action arise out of the contract." *Carty v. Beech Aircraft Corp.*, Civ. No. 78-96 1981 U.S. Dist. LEXIS 10354, at *11 (D.V.I. Jan. 19, 1981). A contract is performed in the Virgin Islands if the defendant is "fully aware that the ultimate destination of the goods was the Virgin Islands." *Four Winds Plaza Corp. v. Caribbean Fire & Assocs.*, Civ. No. 2005-201, 2007 U.S. Dist. LEXIS 44920, at *16-17 (D.V.I. Apr. 18, 2007) (quoting *Buccaneer Hotel Corp. v. Reliance Int'l Sales Corp.*, Civ. No. 561-1980, 1981 V.I. LEXIS 66, at *255 (V.I. Terr. Ct. Apr. 8, 1981)).

To establish the applicability of subsection (a)(2), the Metcalfes rely on the signed declaration of Richard Metcalfe. That declaration states, in pertinent part:

> When purchasing the Vessel, I informed Renaissance that it would be kept in the Virgin Islands, so Renaissance was fully aware that the ultimate destination of the Vessel was the Virgin Islands. Renaissance even

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 12

wrapped the Vessel for shipping and took it to the shipper. (Metcalfe Decl. ¶ 4, Jan. 9, 2008).

In *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984), the Third Circuit held that the plaintiff failed to meet his burden of establishing personal jurisdiction over the defendant. The plaintiff in that case had submitted an affidavit from its president alleging several transactions by the defendants that had taken place in Pennsylvania. *Id.* at 63-64. Before embarking on its analysis, the court noted that the affidavit "represents the entirety of the evidence submitted by Time Share in support of the proposition that in personam jurisdiction properly lay against defendants." *Id.* at 64. The court proceeded to explain that

> Time Share's allegation that "All sales and promotional materials were to be and were in fact developed and designed at TVC's Pennsylvania office" is no more than a conclusory statement which only restates an ultimate fact which Time Share must prove. What is required, however, is actual evidence that, by entering into the contract, the particular defendant could foresee impact within Pennsylvania. We are not told whether the contract itself provided for Time Share's performance in Pennsylvania, or whether this was a unilateral perception on Time Share's part, or what evidentiary basis, if any, existed for the contention that any defendant could foresee economic impact in the forum state as a result of his or its transactions with Time Share. Time Share's bald, self-serving statement that such materials "were to be . . . developed and designed . . . at TVC's [Time Share's] Pennsylvania office" is simply insufficient to prove by a preponderance of the evidence that, by entering into the contract, any of the defendants could foresee economic impact in the Commonwealth of Pennsylvania.

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 13

*Id.* at 65-66.  In finding that the plaintiff had not met its burden of establishing personal jurisdiction by way of the affidavit, the court reasoned:

> Unlike summary judgment proceedings, in which a party need only submit affidavits which make out disputes of material fact, in establishing in personam jurisdiction, Time Share had a burden of proof to sustain, and thus mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and without factual content do not end the inquiry.  Here, we find that Time Share's affidavit simply failed to prove any defendant's contacts with the forum state.  It is therefore unnecessary for us to speculate on the result had Time Share's allegations been more fully substantiated on the record.

*Id.* at 66.

Here, the Metcalfes are correct in asserting that a nonresident defendant's awareness that the Virgin Islands is the ultimate destination of its product may subject that defendant to long-arm jurisdiction under subsection (a)(2).  However, as in *Time Share*, the Metcalfes' sole evidence of Renaissance's awareness that the Vessel would be shipped to the Virgin Islands is their own self-serving declaration.[5]  That declaration is

---

[5] Indeed, that the declaration is self-serving is further evidenced by the fact that it tracks verbatim the generic language employed in a previous case from this Court. *See*, *e.g.*, *Time Share Vacation Club*, 735 F.2d at 68 (concluding that "mere affidavits which parrot and do no more than restate the plaintiff's allegations without identification of particular defendants and without factual content do not end the inquiry").

It is also noteworthy that Renaissance asserts in its reply that the Metcalfes, not Renaissance, arranged for shipping.  That assertion appears to conflict with the Metcalfes' version of

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 14

simply insufficient to establish that subsection (a)(2) reaches Renaissance. *See*, *e.g.*, *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 58 (3d Cir. 1986) (holding that a cursory allegation reiterated in a sworn affidavit is insufficient to satisfy the plaintiff's burden of proof).

Because the Metcalfes have not met their burden of showing that jurisdiction over Renaissance is appropriate under the Virgin Islands long-arm statute, the Court need not determine whether the exercise of jurisdiction comports with the Constitution. Even assuming, however, that the long-arm statute is somehow satisfied, due process would nevertheless prohibit this Court from exercising jurisdiction over Renaissance.

Due process requires that a non-resident defendant have minimum contacts with the forum.[6] *Burger King Corp. v. Rudzewicz*,

---

events. Thus, there appears to be a factual dispute over whether Renaissance in fact knew that the Virgin Islands was the ultimate destination for the Vessel. Where there is a factual dispute, the burden is on the plaintiff to prove that jurisdiction is permissible. *See Time Share Vacation Club*, 735 F.2d at 66. Here, the Metcalfes have adduced no competent evidence to refute Renaissance's claim that the Metcalfes handled shipping.

[6] The Revised Organic Act incorporates by reference the fifth amendment and the second sentence of section I of the fourteenth amendment, the due process clause. 48 U.S.C. § 1561 (1976). In addition, Congress enacted a Bill of Rights for the territory, § 3 of the Revised Organic Act, which extends the federal constitution to the fullest extent possible to the Virgin Islands, as an unincorporated territory of the United States. *Id*. *See also In re Brown*, 439 F.2d 47, 50-51 (3d Cir. 1971). Thus, the Organic Act requires the same due process analysis that would be utilized under the federal constitution. *See also Gov't of the Virgin Islands v. Bodle*, 427 F.2d 532, 533 n.1 (3d Cir. 1970).

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 15

471 U.S. 462, 474 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (quoting *International Shoe*, 326 U.S. at 316). In determining the sufficiency of the defendant's minimum contacts with the forum, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Court of Cal.*, 480 U.S. 102, 112 (1987) (plurality opinion of O'Connor, J.)).

A plaintiff can meet his burden of showing minimum contacts in one of two ways: by establishing either specific or general jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de Puerto Rico, Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004). General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996) (citations omitted). In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "'should reasonably anticipate being haled into court'" in that

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 16

forum. *Id.* at 151 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, the Metcalfes do not specify whether general or specific jurisdiction is appropriate. However, the facts of this matter suggest that if jurisdiction is appropriate it is based on specific jurisdiction and not general jurisdiction.[7] Accordingly, the Court will determine whether specific jurisdiction over Renaissance exists. *See, e.g., Bain Hogg*, 2000 U.S. Dist. LEXIS 17184, at *10-11.

Determining whether specific jurisdiction exists involves a three-part inquiry. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "'purposefully directed' his activities" at the forum. *Burger King*, 471 U.S. at 472 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*,

---

[7] The facts of this case do not support a general jurisdiction analysis. General jurisdiction "exists when the claim does not arise out of or is unrelated to the defendant's contacts with the forum . . . ." *Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984). Here, the Metcalfes' claims are directly related to Renaissance's sale of a boat to Virgin Islands residents. Thus, general jurisdiction is inapplicable. *See, e.g., Martin v. Townsend*, Civ. No. 90-2616, 1990 U.S. Dist. LEXIS 13955, at *6 (D.N.J. Oct. 15, 1990) (noting that general jurisdiction was inapplicable where the claim arose from the defendant's contacts with the forum state); *Firestone v. McQuay*, Civ. No. 90-1113, 1990 U.S. Dist. LEXIS 7625, at *6 (D.N.J. June 19, 1990) (same).

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 17

466 U.S. 408, 414 (1984). Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

The first step in a specific jurisdiction analysis is whether the defendant has some purposeful contact with the forum. The Third Circuit has explained:

> Physical entrance is not required. But what is necessary is a deliberate targeting of the forum. Thus, the unilateral activity of those who claim some relationship with a nonresident defendant is insufficient. And contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself.

*O'Connor*, 496 F.3d at 317 (internal quotations and citations omitted). Moreover, "[i]t is well established . . . that a nonresident's contracting with a forum resident, without more, is insufficient to establish the requisite 'minimum contacts' required for an exercise of personal jurisdiction over the nonresident." *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 32 (3d Cir. 1993) (citations omitted).

Here, save for the contract for the Vessel, the Metcalfes have not come forward with any competent evidence that Renaissance deliberately targeted Virgin Islands residents.[8] The

---

[8] The other contacts asserted by the Metcalfes do not help their cause. First, the Metcalfes state that a principal of a Virgin Islands power boat rental company called "Sea & Ski" told them that See & Ski receives "special pricing" from Renaissance when purchasing its boats. That unsupported assertion, with

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 18

Court is left with the fact that the Metcalfes contacted a Florida corporation regarding the purchase of a product from that corporation in Florida.  Significantly, that circumstance created no expectation of submission to the jurisdiction of Virgin Islands courts.  Nor did it constitute purposeful availment of the privilege of conducting activity within the Virgin Islands.  In short, the contract for the Vessel is simply insufficient to support specific jurisdiction over Renaissance in the Virgin Islands.[9]  *See*, *e.g.*, *Grand Entertainment Group, Ltd. v. Star*

---

nothing more, does not establish that Renaissance has substantial contacts with the Virgin islands.  Second, the Metcalfes appear to rely on the fact that Renaissance offered a ten-year warranty program that, according to the Metcalfes, created a continuing obligation in the Virgin Islands.  The Metcalfes' reliance on that warranty seems worryingly disingenuous in light of the fact that they specifically disclaim the warranty elsewhere in their pleadings, stating that they declined to sign it because, *inter alia*, it contained a forum selection clause.

[9]  To the extent the Metcalfes again rely on the declaration attached to their opposition, the Metcalfes still fail to meet their burden.  That declaration contains several statements that purport to show that Renaissance "reached out" to the Virgin Islands.  For instance, the affidavit states that "Renaissance initially proposed to cure the problems with the Vessel in the Virgin Islands," and that "Renaissance has sold approximately 7 vessels to Virgin Islands' residents." (Metcalfe Decl. ¶¶ 7, 13, Jan. 9, 2008).  Here, again, the Metcalfes' exclusive reliance on bald assertions set forth in a declaration is misplaced for the purpose of establishing personal jurisdiction. *See*, *e.g.*, *Time Share Vacation Club*, 735 F.2d at 66, n.9 (discussing the requirement that there be actual proof and not mere allegations).

The Metcalfes' attempts to establish jurisdiction over Renaissance via Renaissance's website is also fatally flawed. The Third Circuit has explained that

> the mere operation of a commercially interactive web

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 19

*Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) ("[A] contract alone does not 'automatically establish sufficient minimum contacts in the other party's home forum.'") (quoting *Burger King*, 471 U.S. at 478); *Mellon Bank (East) v. DiVeronica Bros., Inc.*, 983 F.2d 551, 557 (3d Cir. 1993) ("Contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant.") (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1222 (3d Cir. 1992)); *see also Colwell Realty Invest., Inc. v. Triple T Inns, Inc.*, 785 F.2d 1330, 1334 (5th Cir. 1986) (noting

---

site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

In this matter, attached to the Metcalfes' declaration is what appears to be a printout from a page on Renaissance's website. That printout lists several types of boats. At the bottom of the page is a caption that reads "Rental in St. Thomas," accompanied by a link to another business's website, and a description of two boats for rent. In short, this evidence, with nothing more, is wholly inadequate to support a finding that Renaissance purposefully availed itself of conducting boat sales activity in the Virgin Islands. *See, e.g., Yusuf v. Adams*, Civ. No. 2003-76, 2004 U.S. Dist. LEXIS 27178, at *11 (D.V.I. Nov. 9, 2004) ("The plaintiffs point to no evidence that the Post directly targeted the website to the Virgin Islands. They also do not have any evidence that there was knowing interaction with residents of the forum state via its website. Because of this lack of ties, I find the plaintiffs have not met their burden of demonstrating specific personal jurisdiction.").

*Metcalfe, et al. v. Renaissance*
Civil No. 2007-131
Memorandum Opinion
Page 20

that "merely contracting with a resident of the forum state [was] insufficient . . . to subject the nonresident [defendant] to the forum's jurisdiction").

### III. CONCLUSION

For the reasons stated above, the Court finds that the Metcalfes have failed to meet their burden of establishing that this Court has personal jurisdiction over Renaissance either under the Virgin Islands long-arm statute or the due process clause of the Constitution. Consequently, the Court will grant Renaissance's motion to dismiss this matter for lack of personal jurisdiction.[10]

**Dated: February 15, 2008**

S\_____
     **CURTIS V. GÓMEZ**
      **Chief Judge**

copy:    Gregory H. Hodges, Esq.
         Alan R. Feuerstein, Esq.

---

[10] Because the Court lacks personal jurisdiction over Renaissance, the Court need not reach the other grounds for dismissal asserted in Renaissance's motion.